Argued December 20, 1976, affirmed January 17, reconsideration denied February 23, 1977

INCE, *Respondent,*
*v.*
BATES, *Appellant.*
(No. 37, CA 6275)
558 P2d 1253

Stephen A. Moen, Portland, argued the cause and filed the brief for appellant.

Allan H. Coon, St. Helens, argued the cause for respondent. With him on the brief was Vagt, Olsen & Coon, St. Helens.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

In this filiation proceeding, the father appeals from an order requiring him to pay child support of $100 per month.

■ ORS 109.010 imposes a duty upon all parents to provide for the support and maintenance of their children. The father admits that the child in question is his offspring, but argues that since he requested that the mother obtain an abortion or place the child for adoption, ORS 109.010 cannot constitutionally be applied to him. His primary contention is that he is denied equal protection of the laws in that a male is not allowed "to refuse parenthood."

■ We disagree. The father had the option "to refuse parenthood" — an option which he failed to exercise. While it is true that after conception a woman has more control than a man over the decision whether to bear a child, *see Planned Parenthood of Missouri v. Danforth,* 428 US 52, 96 S Ct 2831, 49 L Ed2d 788 (1976), and may unilaterally refuse to obtain an abortion, those facts were known to the father at the time of conception. The choice available to a woman vests in her by the fact that she, and not the man, must carry the child and must undergo whatever traumas, physical and mental, may be attendant to either childbirth or abortion. *See Roe v. Wade,* 410 US 113, 93 S Ct 705, 35 L Ed2d 147 (1973). Any differing treatment accorded men and women by ORS 109.010 is owed not to the operation of the statute but to the operation of nature. Further, the ability of a woman to unilaterally terminate a pregnancy does not in any way negate the support requirements of ORS 109.010. As stated in 1 W. Blackstone, Commentaries 446-47 (Christian ed 1807):

> "The duty of parents to provide for the *maintenance* of their children, is a principle of natural law; an obligation * * * laid on them not only by nature herself, but by their own proper act, in bringing them into the world: for they would be in the highest manner injurious

to their issue, if they only gave their children life, that they might afterwards see them perish. By begetting them therefore, they have entered into a voluntary obligation, to endeavour, as far as in them lies, that the life which they have bestowed shall be supported and preserved * * *."

Assuming, arguendo, that the father's theory is logically sound, biology prevents its application.

Affirmed.