Argued July 18, affirmed as modified August 8, 1977

In the Matter of the Marriage of
GODWIN, *Appellant,*
*and*
GODWIN, *Respondent.*
(No. 76-5613, CA 8003)
567 P2d 144

Jon A. Joseph, Eugene, argued the cause for appellant. With him on the brief was Joseph, Gudger & McKeehen, Eugene.

Jack A. Billings, Eugene, argued the cause for respondent. With him on the brief was Diment, Jagger & Billings, Eugene.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

[ 425 ]

JOHNSON, J.

## JOHNSON, J.

The wife appeals the child support and spousal support provisions of the decree of marriage dissolution.

The parties were married for three years and have a three-year-old child. The husband admitted paternity of the unborn child with which the wife was pregnant at the time of trial.

The wife, age 22, has a high school diploma and a junior accounting degree. She is unemployed and receiving welfare. Prior to the hearing the husband, age 19, terminated employment as a restaurant supervisor, earning $800 per month, but has accepted similar employment in California. The parties have no significant marital assets.

The trial court awarded custody of the parties' two children to the wife. As regards the older child, the court ordered the husband to pay child support of $75 per month. As regards the unborn child, the court ordered that if the wife elects to abort, the husband must pay the costs thereof, but that if the wife elects to deliver, the husband is not required to pay either the costs thereof of child support.

The wife appeals, seeking an increase in the amount of child support ordered for the older child and seeking imposition upon the husband of the obligation to pay temporary spusal support during pregnancy and recovery, a portion of the costs of delivery, and child support for the child once it is born.

The provisions of the decree limiting the husband's financial responsibility for the unborn child to payment of the cost of abortion are inappropriate and

[ 427 ]

improper.[1,2] We held in *Ince v. Bates,* 28 Or App 71, 558 P2d 1253, Sup Ct *review denied* (1977), that the ability of a woman unilaterally to terminate a pregnancy does not in any way negate the legal obligation of support owed by the father. ORS 107.105(1)(a) and (b) empower the court to provide

"(a) For the future care and custody of the minor children of the marriage as it may deem just and proper.

"(b) For the recovery from the party not allowed the care and custody of such children, such amount of money, in gross or in instalments, or both, as may be just and proper for such party to contribute toward the support and welfare of such children."

We construe "minor children of the marriage" to include children conceived during the marriage yet born after dissolution. In setting support, the court can take into account foreseeable events. The birth and survival of an unborn child with which the wife is pregnant at the time of the trial is such an event. We modify the decree to require the husband to pay $100

---

[1] In response to a question concerning her reasons for not having an abortion the wife testified:

"A. I wouldn't say it's a religious belief. It's just that I have always loved children, and especially, having one already, to me it would be like killing one child and looking at the other one."

[2] The court explained its reasoning for the order as follows:

"The other child that is expected—in some ways, this young man is a pretty remarkable person. He just turned eighteen January 13th, and I don't know too many of them that have made $8,781.00 during their seventeenth year, and I don't think that the Court should forever heap upon him responsibilities that—this Court does have some compassion for both of them, so I am going to make a strange ruling, and that is that while women have been accorded the right to control their bodies, along with that right goes the responsibility of assuming the burdens that they choose to elect, and since this was a free act of both parties, the intercourse that resulted in the conception of this child, and since Mrs. Godwin has the complete control of her body, I am going to require her to assume the responsibility of that decision, and I am not going to order any support for the second child, and I am not going to require him to pay any of the costs of the birth of that child, provided, however, that if she chooses an abortion, all of those costs will be paid by him.

"Now, that doesn't—I want you to understand that I respect your decision regarding what you have to do, but in this unusual situation, I think that you have to have the responsibility for that."

[ 428 ]

per month toward the support of the child once born. If the child is not born or does not survive, this support obligation automatically terminates. If an unforeseen event occurs, such as the birth of twins or of a child requiring extraordinary medical care, the parties may move to modify the decree because of a change of circumstances.

We delete the provision of the decree requiring the husband to pay the costs of an abortion. The husband shall be required to pay spousal support to the wife of $100 per month for six months, commencing from the date of the decree.

We also modify the decree to increase to $100 per month the amount of child support ordered for the older child.

The record does not reveal the husband's current income. We conclude from the record that he is capable of earning enough to meet the maximum total support obligation of $200 per month set by the decree as modified.

Affirmed as modified. Costs to appellant.